ORIGINAL

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
CLINTON COLSON, JR.,

               Plaintiff,

-against-

ASSYAG ZAHI, WM. S. O'LEARY, SR., JACOB
ROTH, ELIEZER B. KRAUS and A.
ADODU'SA,

               Defendants.
-----------------------------------------------------------x

**MEMORANDUM AND ORDER**
Case No. 04-CV-1477 (FB)(LB)

*Appearances:*
*For the Plaintiff:*
CLINTON COLSON, JR., *Pro Se*
10415 Monaco Drive, Apt. #43
Jacksonville, FL 32218

*For the Defendants:*
ELIEZER B. KRAUS, *Pro Se*
2405 Avenue U
Brooklyn, NY 11229

ASSYAG ZAHI, *Pro Se*
135-24 Hillside Avenue
Richmond Hill, NY 11418

**BLOCK, Senior District Judge:**

        On February 1, 2006, Magistrate Judge Bloom issued a Report and Recommendation ("R & R") recommending that the above-referenced complaint against defendants Wm. S. O'Leary, Jacob Roth, and A. Adodu'sa be dismissed without prejudice pursuant to Fed. R. Civ. P. 4(m) for plaintiff Clinton Colson's ("Colson") failure to serve the summons and complaint. The R&R further recommended that the action against defendants Assyag Zahi and Eliezer Kraus be dismissed without prejudice pursuant to Fed. R. Civ. P. 41(b) for failure to prosecute and failure to comply with the Court's order directing Colson to provide the Court with his current telephone number and explain how he planned to prosecute the action from his residence in Florida. The R & R stated that "the

1

parties shall have ten (10) days from service of this Report to file written objections . . . with the Clerk of the Court" and that "[f]ailure to file a timely objection to this Report generally waives any further judicial review." R&R at 10 (citing, *inter alia, Marcella v. Capital District Physicians' Health Plan, Inc.*, 293 F.3d 42 (2d Cir. 2002)). Colson has not filed any objections to the R&R.

If clear notice has been given of the consequences of failure to object, and there are no objections, the Court may adopt the R & R without *de novo* review. *See Thomas v. Arn*, 474 U.S. 140, 149-50 (1985); *Mario v. P & C Food Mkts., Inc.*, 313 F.3d 758, 766 (2d Cir. 2002) ("Where parties receive clear notice of the consequences, failure timely to object to a magistrate's report and recommendation operates as a waiver of further judicial review of the magistrate's decision."). The R&R, which was mailed to Colson, *see* R&R at 3-4, provided notice of both plaintiff's right to object and the consequences of failing to do so.

The Court will excuse the failure to object and conduct *de novo* review if it appears that the magistrate judge may have committed plain error. *See Spence v. Superintendent, Great Meadow Corr. Facility*, 219 F.3d 162, 174 (2d Cir. 2000). Here, nothing on the face of the R & R suggests plain error. Accordingly, the Court adopts the R & R without *de novo* review.

**SO ORDERED.**

_____
FREDERIC BLOCK
Senior United States District Judge

Brooklyn, New York
February 23, 2006

2